Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for Plaintiffs and Proposed Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER WOLTER, on behalf of herself and all others similarly situated, | Case No.: |
| Plaintiffs, | |
| vs. | |
| FIRST GUARANTY MORTGAGE CORPORATION, a foreign corporation, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Jennifer Wolter ("**Plaintiff**"), on behalf of herself and all others similarly situated, allege by way of their Class Action Complaint against Defendant First Guaranty Mortgage Corporation ("**Defendant**"), as follows:

## NATURE OF ACTION

1.      Defendant First Guaranty Mortgage Corporation is a mortgage financing service offering mortgage loans for home purchases and refinancing options. *See* https://fgmc.com.

2.      Defendant employs individuals in numerous positions including underwriters, mortgage loan processors, mortgage closers, and mortgage funders.

3.      Upon information and belief, the majority of Defendant's employees do not work at any site owned, occupied or controlled by Defendant.  They ultimately reported to Defendant's headquarters in Plano, Texas.

4.      Upon information and belief, on or about June 24, 2022, Defendant advised nearly 80% of its then-current workforce of layoffs effective immediately due to "significant operating

1

losses and cash flow challenges."   *See*   https://www.inman.com/2022/06/27/first-guaranty-mortgage-cuts-76-of-workforce-leaving-partners-in-lurch/.

5.      Under the Worker Adjustment and Retraining Notification Act ("**Warn Act**"), 29 U.S.C. §2101 et seq., an employer must provide sixty (60) days' notice prior to terminating 500 or more employees without cause in a mass layoff, or before terminating fifty (50) or more employees in a plant closing ("**Warn Class**").  The Warn Class employees terminated constituted mass layoffs and a plant closing without sixty (60) days' notice in direct violation of the Warn Act.

6.      Plaintiff and all similarly situated employees seek to recover up to sixty (60) days wages and benefits, pursuant to the Warn Act, from Defendant.

7.      Furthermore, upon information and belief, Defendant intentionally withheld and continues to withhold accrued wages and commissions due to Plaintiff and each of the Warn Class members upon date of termination in violation of NRS 608.050.

8.      Plaintiff and all similarly situated employees see to recover up all unpaid wages, commissions, and penalties due and owing pursuant to NRS 608.050.

## JURISDICTION AND VENUE

9.      This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C.  §2104(a)(5).  This matter involves a claim or controversy arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. §1331.  Pursuant to 28 U.S.C. §1367, the Court may exercise supplemental jurisdiction over those state law claims arising out of a "common nucleus of operative facts."  Furthermore, this matter involves a person or persons seeking to enforce such liability, including a representative of employees, under 29 U.S.C. §2104(a)(1), which provides that the aggrieved employees, employee representatives, or even local government may sue in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business.  29 U.S.C. §2104(a)(5).

10.      Venue is proper in the District of Nevada pursuant to 29 U.S.C. §2104(a)(5).

## THE PARTIES

### I.   Plaintiff

11.     Plaintiff Jennifer Wolter was an employee of First Guaranty Mortgage Corporation and held the position of Senior Mortgage Loan Officer.  Plaintiff Wolter worked remotely for Defendant in Las Vegas, Nevada until her termination on or about June 24, 2022.

### II.   Defendant

12.     Defendant First Guaranty Mortgage Corporation is a foreign corporation registered in the state of Virginia with its corporate headquarters located at 5800 Tennyson Parkway, Suite 450, Plano, Texas 75024 ("**Defendant Headquarters**") and which conducts business in the District of Nevada.

13.     Until their termination on or about June 24, 2022, Plaintiff and all similarly situated employees of Defendant, received work assignments from, and reported to, Defendant Headquarters.

14.     Upon information and belief, Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated employees on or about June 24, 2022, in a mass layoff and/or plant closing.

15.     Upon information and belief, Defendant refused to provide Plaintiff and the other similarly situated employees with all wages and compensation owed upon termination on or about June 24, 2022.

## SUBSTANTIVE ALLEGATIONS

16.     Defendant provides mortgage financing services offering mortgage loans for home purchases and refinancing programs throughout the country.

17.     Defendant employs individuals in numerous positions including underwriters, mortgage loan processors, mortgage closers, and mortgage funders throughout the country.

18.      The purpose of an underwriter is to look at an applicant's finances and assess how much risk a lender will take on requiring the underwriter to evaluate an applicant's credit history, assets, and loan request.

19.     Upon information and belief, the majority of the underwriters employed by

3

Defendant did not work at any site owned, occupied or controlled by Defendant.

20.    Upon information and belief, the majority of the underwriters received their assignments from Defendant Headquarters and submitted their work to Defendant Headquarters remotely online.

21.    The purpose of a loan processor is to collect an applicant's necessary paperwork prior to loan approval by the underwriter.

22.    Upon information and belief, the majority of the loan processors employed by Defendant did not work at any site owned, occupied or controlled by Defendant.

23.    Upon information and belief, the majority of the loan processors received their assignments from Defendant Headquarters and submitted their work to Defendant Headquarters remotely online.

24.    The purpose of a mortgage loan closer is to review all submitted loan paperwork and prepare closing documents.

25.    Upon information and belief, the majority of the mortgage loan closers employed by Defendant did not work at any site owned, occupied or controlled by Defendant.

26.    Upon information and belief, the majority of the mortgage loan closers received their assignments from Defendant Headquarters and submitted their work to Defendant Headquarters remotely online.

27.    The mortgage funder is responsible for confirming the final details of an applicant's loan and ensuring all closing documents are in order.

28.    Upon information and belief, the majority of mortgage funders employed by Defendant did not work at any site owned, occupied or controlled by Defendant.

29.    Upon information and belief, the majority of mortgage funders received their assignments from Defendant Headquarters and submitted their work to Defendant Headquarters remotely online.

30.    Defendant permitted work to be done anywhere, including public venues.

31.    Mobile phones and computer access allowed Defendant's employees (present and former) to do their jobs in any location they preferred or were required to be.

32.     Defendant did not require employees to have a landline telephone or internet service in their homes or elsewhere; however, Defendant did provide employees with a laptop, monitors, and workstation for work performed remotely.

33.     Defendant did not require employees to dedicate a particular place to do any particular task.

34.     Defendant did not list the home addresses of the employees as Defendant's business addresses.

35.     Defendant did not take insurance on the employee's homes or cars, nor did they require that they insure them.

36.     Defendant did not require that employees spend any time at a particular location.

## CLASS ACTION ALLEGATIONS
### *Violation of 29 U.S.C. § 2104 et seq.*

37.     Plaintiff brings the Claim for Relief for violation of 29 U.S.C. §2101 *et seq*., on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. §2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at, reported to, or received assignments from Defendant and were terminated without cause on or about June 24, 2022, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant beginning on or about June 24, 2022, and who are affected employees within the meaning of 29 U.S.C. §2101(a)(5).

38.     The persons in the Warn Class identified above are so numerous that joinder of all members is impracticable.  The precise number of such persons is presently unknown and the facts on which the calculation of that number can be based are within the sole control of the Defendant.

39.     Upon information and belief, the identity of the members of the class and the recent residence address of each of the Warn Class members is in the sole possession and control of the Defendant.

40.     Upon information and belief, the rate of pay and benefits that were being paid by Defendant to each Warn Class individual member at the time of his or her termination is in the sole possession and control of the Defendant.

41.     Common questions of law and fact exist as to members of the Warn Class, including, but not limited to:

        a.   whether the members of the Warn Class were employees of the Defendant;

        b.   whether Defendant unlawfully terminated the employment of the members of the Warn Class without cause on their part and without giving them sixty (60) days advance written notice in violation of the Warn Act; and

        c.   whether Defendant unlawfully failed to pay the Warn Class members sixty (60) days wages and benefits as required by the Warn Act.  29 U.S.C. § 2104.

42.     Plaintiff's claims are typical of those of the Warn Class.  Plaintiff, like other Warn Class members, was employed by Defendant and was terminated without cause or notice beginning on or about June 24, 2022, due to the mass layoffs and/or plant closing ordered by Defendant.

43.     Plaintiff will fairly and adequately protect the interests of the Warn Class.

44.     Plaintiff has retained counsel competent in complex class actions, including the Warn Act and employment litigation.

45.     On or about June 24, 2022, Defendant terminated Plaintiff's employment as part of mass layoffs or a plant closing as defined by 29 U.S.C. § 2101(a)(2-3), for which they were entitled to receive sixty (60) days advance written notice under the Warn Act.

46.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Warn Class predominate over any questions affecting only individual members of the Warn Class.

47.     Class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of Warn Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Warn Class members are small compared to the expense and burden of individual prosecution of this litigation.  The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions economically feasible.  Even if class members themselves could afford such individualized litigation, the court system could not.  In addition to

the burden and expense of managing many actions arising from the same fraudulent scheme, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

48.     Plaintiff intends to send notice to all members of the Warn Class to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF
### *Violation of 29 U.S.C. § 2104 et seq.*

49.     Plaintiff repeats and realleges the foregoing paragraphs as though fully stated herein.

50.     At all times relevant herein, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

51.     At all times relevant herein, Defendant was an "employer" as defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639(a).

52.     On or about June 24, 2022, Defendant ordered a "mass layoff" and/or "plant closing" as defined in 29 U.S.C. §2101(a)(2-3).

53.     The mass layoff or plant closing resulted in "employment losses" as defined in 29 U.S.C. §2101(a)(3) for at least fifty (50) of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce, excluding "part-time employees" as defined by 29 U.S.C. §2101(a)(8).

54.     Plaintiff and the Warn Class members were terminated by Defendant without cause on their part, as part of or as reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant.

55.     Plaintiff and Warn Class members were employed at the "single site of employment" as defined by 20 C.F.R. §639.3(i).

7

56.    Plaintiff and Warn Class members are "affected employees" of Defendant as defined by 29 U.S.C. §2101(a)(5).

57.    Defendant was required by the Warn Act to give the Plaintiff and Warn Class members at least sixty (60) days advanced written notice of their terminations.

58.    Defendant failed to give the Plaintiff and Warn Class members written notice that complied with the requirements of the Warn Act.

59.    Plaintiff and each of the Warn Class members are "aggrieved employees" of the Defendant as defined by 29 U.S.C. §2104(a)(7).

60.    Defendant failed to pay the Plaintiff and each of the Warn Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for sixty (60) days from and after the dates of their respective terminations.

## SECOND CLAIM FOR RELIEF
### *Failure to Pay Unpaid Wages Pursuant to NRS 608.050*

61.    Plaintiff repeats and realleges the foregoing paragraphs as though fully stated herein.

62.    At all times relevant herein, Defendant was an "employer" as defined by NRS 608.011.

63.    At all times relevant herein, Plaintiff and Warn Class members were "employee(s)" of Defendant as defined by NRS 608.010.

64.    Upon information and belief, Plaintiff and Warn Class members were compensated at least in-part through a commission-based compensation program.

65.    At all times relevant herein, all commission-based earnings constitute "wages" as defined by NRS 608.012.

66.    On or about June 24, 2022, Defendant ordered a mass layoff and/or plant closing as defined by 29 U.S.C. §2101(a)(2-3).

67.     Plaintiff and the Warn Class members were terminated by Defendant without cause on their part, as part of or as reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant.

68.     Defendant was required by the Warn Act to give the Plaintiff and Warn Class members at least sixty (60) days advanced written notice of their terminations.

69.     Defendant failed to give the Plaintiff and Warn Class members written notice that complied with the requirements of the Warn Act.

70.     Defendant failed to pay the Plaintiff and each of the Warn Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for sixty (60) days from and after the dates of their respective terminations.

71.     Furthermore, upon information and belief, Defendant intentionally withheld and continues to withhold accrued wages and commissions due to Plaintiff and each of the Warn Class members upon date of termination in violation of state law.

72.     Pursuant to state law, Plaintiff and the Warn Class members are entitled to "collect wages in the sum agreed upon in the contract of employment for each day the [Defendant] is in default, until the [Plaintiff and the Warn Class members are] paid in full, without rendering any service therefor; but the [Plaintiff and the Warn Class members] shall cease to draw such wages or salary 30 days after such default."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests judgment from the Court as follows:

A.     Certification of this action as a class action;

B.     Designation of the Plaintiff as a Class Representative;

C.     A judgment in favor of the Plaintiff and other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for sixty (60)

days that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the Warn Act, 29 U.S.C. §2104(a)(1)(A);

      D.      Any and all unpaid wages, commissions, and penalties pursuant to state law;

      E.      Attorneys' fees in accordance with 29 U.S.C. §2104(a)(6); and

      F.      For any further relief as the Court deems to be just and proper.

      Dated: June 29, 2022.

Respectfully Submitted,

SCHWARTZ LAW, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101

*Attorneys for Plaintiff and Proposed Class*