### United States District Court
### District of Nevada (Las Vegas)

Jennifer Wolter,
*on behalf of herself and all others similarly
situated,*
              Plaintiff,

Case No. 22-cv-01030

                *v.*

First Guaranty Mortgage Corporation,
*a foreign corporation,*

              Defendant.

### <u>NOTICE OF BANKRUPTCY AND AUTOMATIC STAY</u>

**NOTICE IS HEREBY GIVEN THAT** First Guaranty Mortgage Corporation, (the "<u>Defendant</u>") in this action has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") on June 30, 2022 (the "<u>Petition Date</u>"), which is identified as Case No. 22-10584-CTG in the United States Bankruptcy Court for the District Delaware.  A copy of this petition is attached hereto as **<u>Exhibit A.</u>**

**PLEASE BE FURTHER ADVISED** that certain actions against the Defendant, including but not limited to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" or "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case," are stayed pursuant to § 362(a) of the Bankruptcy Code as of the Petition Date.

Dated:  July 18, 2022

DENTONS US LLP

By:     */s/  Philip A. O'Connell, Jr.*
Philip A. O'Connell, Jr.
One Beacon Street
Suite 25300
Boston, MA  02108-3107
Telephone:  (617) 235-6802
Email:  philip.oconnelljr@dentons.com

DENTONS US LLP
Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street, #2500
Telephone: (213) 623-9300
Email:  Samuel.maizel@dentons.com
            Tania.moyron@dentons.com

-and-

DENTONS US LLP
David F. Cook
1900 K Street, NW
Washington, DE 20006
Telephone:  (202) 496-7500
Email:  david.f.cook@dentons.com

*Proposed Bankruptcy Counsel For Debtor*
*and Debtor In Possession,*
*First Guaranty Mortgage Corporation*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of July, 2022, a true and correct copy of this *Notice of Bankruptcy and Automatic Stay* was served electronically on all parties registered to receive electronic service in the above-captioned case.

*/s/ Philip A. O'Connell, Jr.*
Philip A. O'Connell, Jr.

**Exhibit A**

(First Guaranty Mortgage Corporation Voluntary Petition)

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

_____ District of **Delaware**
                           (State)

Case number (*if known*): **22-** _____ Chapter __**11**__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   First Guaranty Mortgage Corporation

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   5  4  _  1  4  2  9  5  7  5

4. **Debtor's address**

   **Principal place of business**

   5800 Tennyson Parkway
   Number    Street

   Suite 450

   Plano           TX    75024
   City          State   ZIP Code

   Collin
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City      State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City      State   ZIP Code

5. **Debtor's website** (URL)

   https://fgmc.com

8868300220630000000000002

| Debtor | First Guaranty Mortgage Corporation | Case number *(if known)* 22- |
|---|---|---|
| | Name | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>2</u>  <u>2</u>  <u>3</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

           District _____ When _____ Case number _____
                                      MM / DD / YYYY

| Debtor | First Guaranty Mortgage Corporation | Case number *(if known)* | 22- |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes. Debtor _____ Relationship _____

District _____ When _____

MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number        Street

_____

_____

City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor __First Guaranty Mortgage Corporation__          Case number (if known) __22-__
         Name

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __6 . 30 . 2022__
        MM / DD / YYYY

✗ _(signature)_          _Aaron Samples_
Signature of authorized representative of debtor          Printed name

Title __CEO__

**18. Signature of attorney**

✗ /s/ Laura Davis Jones          Date  06 / 30 / 2022
Signature of attorney for debtor          MM / DD / YYYY

Laura Davis Jones
Printed name

PACHULSKI STANG ZIEHL & JONES LLP
Firm name

919 North Market Street, 17th Floor
Number     Street

Wilmington,            DE     19899
City                  State     ZIP Code

(302) 652-4100         ljones@pszjlaw.com
Contact phone            Email address

2436                    DE
Bar number            State

### Rider 1 to Voluntary Petition

On the date hereof, the affiliated entity listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

First Guaranty Mortgage Corporation

Maverick II Holdings, LLC

**WRITTEN CONSENT BY THE BOARD OF DIRECTORS**
**OF**
**FIRST GUARANTY MORTGAGE CORPORATION**

June 29, 2022

The undersigned, constituting all of the members of the board of directors (the "Board") of First Guaranty Mortgage Corporation, a Virginia corporation (the "Company"), hereby adopt the following resolutions by written consent, in addition to those resolutions approved by the Board during their meeting as of the date first written above:

**A.**     **Appointment of Chief Restructuring Officer:**

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, to appoint a Chief Restructuring Officer ("CRO") to assist with management and operation of the Company;

WHEREAS, the Board has evaluated the capabilities of several candidates for the CRO appointment, and is prepared to make an appointment;

NOW, THEREFORE, BE IT RESOLVED, that effective as of the date of the Company's filing of the petition with respect to its case under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), the Board hereby appoints Tanya Meerovich as CRO for the Company, to assess the financial condition of the Company, the Company's current operations, the projected outlook for the Company, and the best path forward for its success, and shall take all such steps and do all such acts and things as she or any other member of the Board shall deem necessary or advisable to proceed with the appointment, installation, and integration of the CRO into the Company's financial and operational planning;

BE IT FURTHER RESOLVED, that the Company be, and it hereby is, authorized and directed to pay all fees and expenses incurred in connection with the engagement of the CRO;

BE IT FURTHER RESOLVED, that the officers of the Company, including, without limitation, the CRO (each an "Authorized Officer" and together the "Authorized Officers") are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors, and members of the Board, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were

1

taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**B.**     <u>**Chapter 11 Case**</u>:

WHEREAS, the Board has considered the financial and operational aspects of the Company's business and the recommendations of the Company's professionals and advisors;

WHEREAS, the Board has reviewed the historical performance of the Company, the market for the Company's services, and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered, and received the recommendations of the senior management of the Company and the Company's professionals and advisors as to a case of the Company under chapter 11 of the Bankruptcy Code; and

WHEREAS, B2 FIE IV LLC, a Delaware limited liability company, as the owner of all the equity interests of the Company, has authorized the actions set forth in this Written Consent.

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, for the Company to file a voluntary petition under the provisions of chapter 11 the Bankruptcy Code and to take any related actions necessary to file for and effectuate bankruptcy protection and to take other actions in a bankruptcy case;

BE IT FURTHER RESOLVED, that the Authorized Officers of the Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take all actions deemed necessary or appropriate to protect the assets of the Company and seek protection from creditors, including without limitation, if they deem it appropriate, to execute and verify or certify a voluntary petition under chapter 11 of the Bankruptcy Code and to sign or authorize any and all other pleadings, petitions, motions, schedules, lists, applications, affidavits, instruments, documents, or actions appropriate and desirable, as determined by them in the exercise of their discretion, prior to and throughout the course of the bankruptcy case and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection therewith or in furtherance of any such petition or the Company's case in chapter 11 of the Bankruptcy Code;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and members of the Board, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**C.**     **Retention of Advisors**:

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties to employ the law firm of Dentons US, LLP as general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including filing and pleading, and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Dentons US, LLP;

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage FTI Consulting, Inc. ("FTI Consulting"), including those within its employ necessary for it to perform its duties, as financial consultant for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Pachulski Stang Ziehl & Jones LLP as local counsel in Delaware for the Company in connection with the chapter 11 case, subject to bankruptcy court approval; and

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Kurtzman Carson Consultants LLC as claims agent for the Company in connection with the chapter 11 case, subject to bankruptcy court approval; and

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage Dentons US LLP as general bankruptcy counsel for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to

engage FTI Consulting, Inc. as financial consultant for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, authorized and directed to engage Pachulski Stang Ziehl & Jones LLP as local counsel in Delaware for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, authorized and directed to engage Kurtzman Carson Consultants LLC as claims agent for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ additional professionals as the Authorized Officers, in their reasonable discretion deem necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code or to carry out the purpose and intent of the foregoing resolutions;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of any additional professional;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage and retain all assistance by legal counsel, accountants, investment banking advisors, financial advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, advisable, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and members of the Board, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were

taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

D. **Credit Facility**:

WHEREAS, it has been proposed that the Company (i) enter into that certain (a) operational cash flow debtor-in-possession facility (the "Cash Flow DIP Facility") with B2 FIE XI LLC (the "Cash Flow DIP Lender") providing postpetition financing under a senior secured, super priority loan facility and that certain term sheet, approved subject to modifications in the judgment of the CRO, and (b) debtor-in-possession warehouse financing facility (the "DIP Repo Facility") with Barclays Bank PLC or an affiliate thereof (the "DIP Repo Agent") providing postpetition financing under a master repurchase agreement and related DIP Repo Facility Documents (as defined in that certain proposed master repurchase agreement between Barclays Bank PLC as buyer and First Guaranty Mortgage Company as seller) and that certain term sheet, approved subject to modifications in the judgment of the CRO, to the Company, as borrower, in its capacity as debtor-in-possession in the Company's case under chapter 11 of the Bankruptcy Code, in the forms presented to the Board subject to any further modifications approved by the Authorized Officers, or any of them, in the exercise of their reasonable discretion and upon the advice of counsel to be in the best interests of the Company, and (ii) adopt those certain budgets (the "Budgets") presented to the Board subject to any further modification approved by the Authorized Officers, or any of them, in the exercise of their reasonable discretion; and

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties to approve the DIP Credit Facility and adopt the Budget and, subject to the approval of the Bankruptcy Court, to enter into and perform under the DIP Credit Facility and to act in accordance with any related orders of the Bankruptcy Court.

NOW, THEREFORE, BE IT RESOLVED, that the Cash Flow DIP Facility, the DIP Repo Facility and the Budgets, subject to any further modifications approved by the Authorized Officers, or any of them, in the exercise of their reasonable discretion and upon the advice of counsel are adopted, approved and ratified in all respects;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company to execute the Cash Flow DIP Facility and the DIP Repo Facility and to do or cause to be done all such acts and things, and to take all actions deemed necessary or appropriate, to cause the Bankruptcy Court's approval of the Cash Flow DIP Facility, the DIP Repo Facility and the Budgets;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion,

may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and members of the Board, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**[SIGNATURES BEGIN ON THE FOLLOWING PAGE]**

IN WITNESS WHEREOF, the undersigned directors have signed this consent as of the date first written above.

 

 

_____

Harin de Silva

 

 

_____

Richard Le Brun

 

 

_____

Dennis Schmal

 

 

_____

Katherine Verner

 

 

_____

Aaron Samples

IN WITNESS WHEREOF, the undersigned directors have signed this consent as of the date first written above.

_____
Harin de Silva

DocuSigned by:

*Rick LeBrun*

D97D2F101F4E403...
_____
Richard Le Brun

_____
Dennis Schmal

_____
Katherine Verner

_____
Aaron Samples

7

IN WITNESS WHEREOF, the undersigned directors have signed this consent as of the date first written above.

_____
Harin de Silva

_____
Richard Le Brun

_____
Dennis Schmal

_____
Katherine Verner

DocuSigned by:

*Aaron Samples*
5F4GG3F529474A7...
_____
Aaron Samples

7

**Fill in this information to identify the case and this filing:**

Debtor Name __First Guaranty Mortgage Corporation__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*if known*): __22 - _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Combined Corporate Ownership Statement and List of Equity Security Holders, Certification of Creditor Matrix _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/30/2022__          ✗ _____
MM / DD / YYYY                                Signature of individual signing on behalf of debtor

_____
Printed name          *Aaron Samples*

_____
Position or relationship to debtor          *CEO*

**Fill in this information to identify the case:**

Debtor name __First Guaranty Mortgage Corporation__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): __22-__ _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Customers Bank | 3705 Quakerbridge Rd Suite 100 Hamilton, NJ 8619<br><br>Attn: Scott Goodwin Telephone: (502) 523-2710 Email: sgoodwin@customersbank.com | Unsecured Bank Debt | | | | $25,000,000 |
| 2. | South Street Securities LLC | 1155 6th Avenue 14th Floor New York, NY 10036<br><br>Attn: Karen Carnes Telephone: (212) 824-0734 Email: karen.carnes@sssnyc.com | Margin call | | | | $1,570,000 |

Debtor: __First Guaranty Mortgage Corporation__       Case number (*if known*) __22-__
Name

| 3. | Daiwa Capital Markets America Inc. | 32 Old Slip 14th Floor New York, NY 10005  Attn: Ryan Geiger Telephone: (212) 612-6747 Email: ryan.geiger@us.daiwacm.com | Margin call | | | | $1,400,000 |
|---|---|---|---|---|---|---|---|
| 4. | Morgan Stanley & Co. LLC | 1585 Broadway New York, NY 10036  Attn: Chelsea Mitchell-Byrd Telephone: (212) 276-7177 Email:chelsea.mitchell.byrd@morganstandley.com | Margin call | | | | $965,803 |
| 5. | Jefferies LLC | 520 Madison Avenue New York, NY 10022  Attn: Joe Pollicino Telephone: (866) 533-2051 Email: jpollicino@jefferies.com | Margin call | | | | $780,000 |
| 6. | R.J. O'Brien & Associates, LLC | 222 South Riverside Plaza Chicago, IL 60606  Attn: David Fulscher Telephone: (312) 373-4899 Email: dfulscher@rjobrien.com | Margin call | | | | $607,975 |
| 7. | Sourcepoint, Inc. | PO Box 1043 Buffalo, NY 14240  Attn: Stephen Parks Telephone: (972) 822-1565 Email: stephen.parks@sourcepointmortgage.com | Trade Debt | | | | $605,071 |
| 8. | HCL Lending Solutions LLC | 330 Portero Ave. Sunnyvale, CA 94085   Attn: Dennis Postlewaite Telephone: (321) 223-4431 Email: dennis-p@hcl.com | Trade Debt | | | | $447,750 |
| 9. | Rushmore Loan Management Services LLC | 15480 Laguna Canyon Road Suite 100 Irvine, CA 92618  Attn: Terry Smith Telephone: (949) 341-5720 Email: tsmith@rushmorelm.com | Trade Debt | | | | $ 418,863 |
| 10. | BMO Capital Markets | 601 Lexington Avenue 44th Floor New York, NY 10022  Attn: Richard Harnett Telephone: (201) 284-7313 Email:  richard.hartnett@BMO.com | Margin call | | | | $360,000 |

Debtor: **First Guaranty Mortgage Corporation**  Case number (*if known*) __22-__
Name

| 11. | Lakeview Loan Servicing | 4425 Ponce De Leon Blvd<br>Coral Gables, FL 33146<br><br>Attn: Etienne Jouard<br>Telephone: (305) 631-6298<br>Email: etienne.Jouard@lakeview.com | Trade Debt | | | | $328,028 |
|-----|-------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------|------------|---|---|---|---------|
| 12. | Mizuho Securities USA, LLC | 320 Park Avenue<br>12th Floor<br>New York, NY 10022<br><br>Attn: Thomas O'Leary<br>Telephone: (732) 476-3012<br>Email: thomas.oleary@mizuhogroup.com | Margin call | | | | $290,000 |
| 13. | Maxwell Financial Labs, Inc. | 518 17th Street<br>Suite 950<br>Denver, CO 80202<br><br>Attn: Brian Simons<br>Telephone: (914) 924-5136<br>Email: brian@himaxwell.com | Trade Debt | | | | $238,578 |
| 14. | ICE Mortgage Technology, Inc. | 4420 Rosewood Drive<br>Suite 500<br>Pleasanton, CA 94588<br><br>Attn: Sue Sroka<br>Telephone: (858) 692-5975<br>Email: sue.sroka@ice.com | Trade Debt | | | | $ 220,986 |
| 15. | Deutsche Bank Trust Co. Americas | c/o Corporate Trust & Agency Services<br>PO Box 1757<br>Church Street Station<br>New York, NY 10008<br><br>Attn: Chris Corcoran<br>Telephone: (714) 247-6045<br>Email: christopher.p.corcoran@db.com | Professional Services | | | | $170,908 |
| 16. | Indecomm Holdings, Inc. | 379 Thornall Street<br>2nd Floor<br>Edison, NJ 08837<br><br>Attn: Katherine Baird<br>Telephone: (704) 909-7394<br>Email: katherine.baird@indecomm.net | Trade Debt | | | | $123,433 |
| 17. | Optimal Blue, LLC | 601 Riverside Avenue<br>Jacksonville, FL 32201<br><br>Attn: Michelle Kersch<br>Telephone: (904) 854-5043<br>Email: michelle.kersch@bfks.com | Trade Debt | | | | $121,613 |

Debtor: **First Guaranty Mortgage Corporation**     Case number (*if known*)   22-
      Name

| 18. | Carrington Mortgage Services, LLC | 1600 South Douglass Road Anaheim, CA 92806<br><br>Attn: Tracey McShane Telephone: (949) 517-7113 Email: tracey.mcshane@carringtonmh.com | Trade Debt | | | | $120,000 |
|---|---|---|---|---|---|---|---|
| 19. | Quanatative Risk Management Incorporated | 181 West Madison 41st Floor Chicago, IL 60602<br><br>Attn: Maximillian Betzig Telephone: (312) 782-4596 Email: max.betzig@qrm.com | Professional Services | | | | $107,250 |
| 20. | Planet Home Lending, LLC | 321 Research Parkway Suite 303 Meriden, CT 06450<br><br>Attn: Dawn Pawelczkyk Telephone: (203) 303-5281 Email: dpawelczyk@planethomelending.com | Trade Debt | | | | $105,575 |
| 21. | Wells Fargo Securities | 550 South Tyron Street 6th Floor Charlotte, NC 28202<br><br>Attn: Abed Nassar Telephone: (704) 410-8261 Email: abed.nassar@wellsfargo.com | Trade Debt | | | | $102,225 |
| 22. | Talx Corporation (The Work Number) (now Equifax) | 4076 Paysphere Circle Chicago, IL 60674<br><br>Attn: Elain McFarland Telephone: (949) 295-2454 Email: elaina.mcfarland@equifax.com | Trade Debt | | | | $88,387 |
| 23. | Adrian Ledsema and Maritza Lopez | 2812 S. Trumbull Avenue Chicago, IL 60623<br><br>Attn: Adrian Ledsema Maritza Lopez Telephone: (773) 414-2151 | Trade Debt | Contingent | | | $85,620 |
| 24. | Total Expert, Inc. | 1600 Utica Ave. S. Suite 800 Saint Louis Park, MN 55416<br><br>Attn: Dan LeFevre Telephone: (303) 349-0851 Email: dan.lefevre@totalexpert.com | Trade Debt | | | | $84,655 |
| 25. | Seneca Mortgage Servicing LLC | 48 South Main Street Newtown, CT 06470<br><br>Attn: John Anderson Telephone: (212) 561-5365 Email: john.anderson@senecaservicing.com | Trade Debt | | | | $79,320 |

Debtor:   <u>First Guaranty Mortgage Corporation</u>          Case number (*if known*) __22-____
          Name

| 26. | Xactus, LLC | 370 Reed Rd.<br>Suite 100<br>Broomall, PA 19008<br><br>Attn: Sharin Peet<br>Telephone: (908) 651-0528<br>Email: sharin.peet@xactus.com | Trade Debt | | | | $77,820 |
|-----|-------------|-------------|------------|--|--|--|---------|
| 27. | Ritz-Carlton Golf Resort Naples | 2600 Tiburon Dr.<br>Naples, FL 34109<br><br>Attn: Alice Zimmer<br>Telephone: (239) 254-3360<br>Email: alice.zimmer@ritzcarlton.com | Trade Debt | | | | $77,440 |
| 28. | Healthwell Foundation | 5280 Corporate Drive<br>Frederick, MD 21701<br><br>Attn: Collin Alexander<br>Telephone: (202) 604-9923<br>Email: collin.alexander@healthwellfoundation.org | Security deposit | Contingent | | | $65,985 |
| 29. | Experience.com | 12667 Alcosta Blvd<br>Suite 250<br>San Ramon, CA 94583<br><br>Attn: Ryan Bones<br>Telephone: (975) 708-6264<br>Email: ryan@socialsurvey.com | Trade Debt | | | | $58,320 |
| 30. | Venminder, Inc. | 400 Ring Road<br>Suite 131<br>Elizabethtown, KY42701<br><br>Attn: Hayley Proctor<br>Telephone: (720) 732-0835<br>Email: hayley.proctor@venminder.com | Trade Debt | | | | $52,498 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FIRST GUARANTY MORTGAGE CORPORATION, | ) | Case No. 22-_____ |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS

| Name | Address | Type/Class of Stock Held | Percentage of Issued and Outstanding Shares |
|---|---|---|---|
| B2 FIE IV, LLC | c/o PIMCO<br>650 Newport Center Dr.<br>Newport Beach, CA 92660 | Common | 100% |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FIRST GUARANTY MORTGAGE CORPORATION, | ) | Case No. 22-_____ |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Corporation | Percentage of Shares Held |
|---|---|
| B2 FIE IV, LLC<br>c/o PIMCO<br>650 Newport Center Dr.<br>Newport Beach, CA 92660 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. _____<br><br>(Joint Administration Requested) |

## <u>CERTIFICATION OF CREDITOR MATRIX</u>

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors") I hereby certify that the Creditor Matrix submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the Creditor Matrix is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Creditor Matrix have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: First Guaranty Mortgage Corporation (54-1429575); and Maverick II Holdings, LLC (88-1305621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.